UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVIN C. LEWIS,

    Petitioner,

v.                                    Case No: 6:19-cv-810-Orl-40TBS

THE STATE OF FL, INC., STATE
ATTORNEY GENERAL, FIFTH DIST.
APPEAL VENUE, ORANGE COUNTY,
NINTH CIRCUIT, INC., ARAMIS D.
AYALA, ELIZABETH STARR, STEVE
JEWITT, KIETH A. CARSTEN,
WHITHEAD AND WILSON, J.J.
ESQUIRES, MUNICIPAL CITY OF
OAKLAND, FLORIDA, INC., ANGELA D.
CAMPBELL and ELIAS DEJESUS,

    Respondents.

## ORDER

This matter comes before the Court on Plaintiff's Petition for an Alternate Method of Service of Summons and Complaints on Defendants, Elizabeth Starr, Steven Jewett, Kietha Carsten, Reginald Whitehead, Tanya Wilson, and John Jordan – all judges of the Ninth Judicial Circuit Court of Florida (Doc. 15). Plaintiff's process server has reported that "[a]fter due search, careful inquiry and diligent attempts" he was unable to serve four of the judges (Docs. 19-22). The Court did not locate returns of service for the other judges on the docket. The process server also reported that he talked to a senior clerk in the Public Defender's office who directed him to a non-existent room in the county courthouse (Id.). Now, Plaintiff complains that his process server was "misdirected and mislead in how and where to locate and serve[.]" (Doc. 15, ¶ 4).

An individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state[1] in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e). Florida Statues require that if a public officer is sued, he be served directly, but does not mandate a different method of service from that articulated in Rule 4(e). See FLA. STAT. § 48.111(2).

The Court knows from its own knowledge and experience that the judges named in Plaintiff's complaint work five days a week in the county courthouse where there are directories to assist visitors in locating the judge's courtrooms, hearing rooms, and chambers. This information is also available online. Consequently, the Court is not persuaded that Plaintiff's process server has searched carefully or diligently. Therefore, and because Plaintiff has not shown any special circumstances warranting alternate service his motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record

---

[1] Florida Statute 48.031(2) allows for substitute service on an individual's spouse, or, in the case of a sole proprietorship, the person in charge of the business at the second time service was attempted.

*Pro se* Plaintiff