UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MELVIN C. LEWIS,

    Petitioner,

v.                                                        Case No:   6:19-cv-810-Orl-40TBS

THE STATE OF FL, INC., STATE
ATTORNEY GENERAL, FIFTH DIST.
APPEAL VENUE, ORANGE COUNTY,
NINTH CIRCUIT, INC., ARAMIS D.
AYALA, ELIZABETH STARR, STEVE
JEWITT, KIETH A. CARSTEN,
WHITHEAD AND WILSON, J.J.
ESQUIRES, MUNICIPAL CITY OF
OAKLAND, FLORIDA, INC., ANGELA D.
CAMPBELL and ELIAS DEJESUS,

    Respondents.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Denying his Motion for Default Judgment Against Defendants Town Municipality of Oakland, FL, Elias DeJesus, and Angela D. Campbell (Doc. 29).

Reconsideration of a court's order is an extraordinary remedy and a power to be "used sparingly." <u>United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.</u>, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). "Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination." <u>U.S. v. Halifax Hosp. Medical Center</u>, No. 6:09-cv-1002-Orl-31TBS, 2013 WL 6284765, at *1 (M.D. Fla. Dec. 4, 2013). Reconsideration is also warranted based upon: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear

error or manifest injustice." McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Parties cannot use a motion for reconsideration to ask a district court to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

Plaintiff makes an incoherent plea for the Court to reconsider its ruling denying Plaintiff's motion for the entry of default judgment against the Town Municipality of Oakland, FL, Elias DeJesus, and Angela D. Campbell. After reading the motion the Court is satisfied that Plaintiff has failed to demonstrate any misapprehension of his position, the law or facts by the Court. The Court is also satisfied that it did not decide an issue not presented to it for resolution, and Plaintiff has failed to show any intervening change in controlling law, new evidence, or the need to correct clear error or manifest injustice. Therefore, reconsideration is not warranted, and Plaintiff's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 20, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    *Pro se* Plaintiff
    Counsel of Record